# APPENDIX 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROSEMARY GUZMAN, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | Case No.:      15-cv-5756 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Virginia M. Kendall |
| | ) | Magistrate Judge Sidney I. Schenkier |
| CREDIT CONTROL SERVICES, | ) | |
| INC., d/b/a CREDIT | ) | |
| COLLECTION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement dated as of April__, 2016, ("Agreement"), is made and entered into by and among the following Parties, as those terms are defined herein: (i) Plaintiff, Rosemary Guzman, on behalf of herself and each of the Settlement Class members, by and through Plaintiff's Counsel; and (ii) Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services, by and through its counsel of record in this Lawsuit. This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

## RECITALS

1.     **Parties.** Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services ("Defendant" or "CCS"), and Plaintiff, Rosemary Guzman ("Plaintiff") individually, and as representative of the class of persons defined below in ¶ 8 (the "Settlement Class"), enter into this Agreement as to the claims of Plaintiff and the Settlement Class arising from CCS's collection letter attached as *Exhibit A* to Plaintiff's Complaint in this Lawsuit. [Doc. 1]. Plaintiff and CCS are collectively referred to hereinafter as the "Parties."

Page 1 of 13

2.      **Nature of the Lawsuit.** On June 29, 2015, Plaintiff, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Northern District of Illinois captioned *Rosemary Guzman v. Credit Control Services, Inc., d/b/a/ Credit Control Services*, Case No. 1:15-cv-05756 (the "Lawsuit"). [Doc. 1.] The Lawsuit alleged that CCS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by sending a collection letter to Plaintiff which represented that CCS would begin reporting an alleged debt to the credit reporting agencies if the alleged debt was not paid by a date certain. CCS had already begun reporting the alleged debt to the credit reporting agencies at the time the letter was sent and Plaintiff's complaint alleges that CCS's representation violated 15 U.S.C. §§ 1692e, (2)(A), e(5), e(10), and 1692f. *Id.*

On August 26, 2015, CCS filed an Answer and Affirmative Defenses to the Complaint denying that it violated the FDCPA and FCCPA, as well as denying all liability to Plaintiff and the Settlement Class. [Doc. 19.] On September 17, 2015, the Court entered a Scheduling Order [Doc. 23], Thereafter, the Parties served initial disclosures, initial sets of written discovery, and then began arms-length settlement discussions which ultimately culminated with this Agreement.

3.      **Denial of Liability.** By entering into this agreement, Defendant does not admit that it is liable to Plaintiff or the Settlement Class, nor does Defendant concede that, absent a settlement, Plaintiff's putative class(es) may properly be certified under the Federal Rules of Civil Procedure. CCS desires to settle the claims brought solely to avoid the expense, burden, and uncertainty of further Lawsuit, and to put to rest all claims which have or could have been asserted by Plaintiff against CCS in the Lawsuit. Defendant denies all liability to Plaintiff and the Settlement Class.

4.      Plaintiff, individually and on behalf of the Settlement Class, desires to settle her claims against CCS, having taken into account through Plaintiff's counsel the risks, delay, and

difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Lawsuit will be further protracted and expensive.

5.        Plaintiff's counsel has conducted an extensive investigation of the facts and applicable law, including, but not limited to, obtaining discovery on issues pertaining to class size and damages. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6.        In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, CCS, and CCS's counsel collectively agree to settle the claims of the Plaintiff and the Settlement Class arising from the CCS's collection letter attached as *Exhibit A* to Plaintiff's Complaint in the Lawsuit, subject to the Court's approval, on the following terms and conditions.

## **TERMS**

7.        **Effective Date**. This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a Final Approval Order which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses with prejudice the claims alleged by Plaintiff and the Settlement Class in the Complaint; and, (2) (a) if no objections are filed, the expiration of three business days after the Court's entry of the Final Approval Order; (b) if any objections are filed, the expiration of three business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed (which date shall be deemed to be 33 days following the entry of the Final Approval Order, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Agreement shall be deemed

131349980v1 0976425
131349980v1 0976425
131349980v1 0976425

to be the next business day after such 33rd day); or (c) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal that permits the consummation of the Settlement in substantial accordance with the terms and conditions of this Agreement.

8.    **Certification of Settlement Class**. For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> The class consists of (a) all individuals with Illinois or Iowa addresses, (b) to whom CCS sent a letter in the form represented by Exhibit A to the Complaint (c) on a date when CCS had already reported the debt that is the subject of the letter to one or more credit reporting agencies, (d) which letter was sent on or after June 29, 2014 and on or before July 19, 2015.

9.    **Class Size.**    CCS has provided informal discovery to Plaintiff's Counsel concerning the number of class members. Specifically, CCS has disclosed that there are approximately 530 persons who fit within the class definition and, therefore, are in the Settlement Class.

10.    **Net Worth.**    The Parties acknowledge that the FDCPA limits class recovery of actual damages, as well as statutory damages equal to the lesser of $500,000.00 or 1% of CCS's net worth. During discovery, CCS provided informal discovery to Plaintiff's Counsel concerning its net worth.

11.    **Relief to Plaintiff and the Settlement Class.** In view of all the foregoing, CCS shall provide the following relief to Plaintiff and the Settlement Class:

(a)    CCS will pay $23,760.00 to the Settlement Class.

> Each Settlement Class Member who does not exclude himself or herself from the Settlement Class shall be mailed a check for $80.00. Checks issued to Settlement Class Members will be void sixty (60) days from the date of issuance. Any checks that have not been negotiated by the void date will be distributed as set forth in ¶11(d). Any Settlement Class Member who filed a petition for relief under the bankruptcy laws between June 29, 2014 and July 19, 2015 is not eligible to receive

Page 4 of 13

a share of the $23,760.00 being paid to the Settlement Class. Legal representatives of deceased Settlement Class Members are eligible to receive a share of the $23,760.00 being paid to the Settlement Class.

No later than the Effective Date, CCS will ask the credit reporting agencies to delete its trade line with respect to any account which was the subject of any letter sent to a Settlement Class Member in the form of Exhibit A to the Complaint. CCS agrees that, once the credit reporting agencies delete the relevant trade line, CCS will not re-report the subject account to the credit reporting agencies at any time. The Settlement Class acknowledges that the credit bureaus are separate entities and that CCS cannot be held liable for the performance of the credit bureaus in response to any such deletion request.

(b)  CCS shall pay $1,000.00 to Plaintiff for her actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B), which also takes into account her services to the Settlement Class. CCS also agrees to cease further collection activities directed at Plaintiff with respect to the alleged debt and to ask the credit reporting agencies to delete any trade lines associated with the account which was the subject of the letter CCS sent to Plaintiff in the form of Exhibit A to the Complaint. Plaintiff acknowledges that the credit bureaus are separate entities and that CCS cannot be held liable for the performance of the credit bureaus in response to any such deletion request.

(c)  CCS shall pay all costs not to exceed $3,000 associated with providing notice to the Settlement Class and administering the settlement. Class-settlement.com is the company that will administer the settlement ("Settlement Administrator").

(d)  Any checks that have not been negotiated by the Void Date will be redistributed *pro rata* to Settlement Class Members who did negotiate their checks, provided that the amount of the second distribution to each Settlement Class Member is $15 or more. The Void Date for negotiating the second set of checks is thirty days from mailing. In the event that there is not enough money to send a second distribution to Settlement Class Members or, if after a second distribution, there remains money left over, the money left over shall be donated as a *cy pres* award to one or more charitable organizations without any religious or political affiliations. The Parties propose the Chicago Bar Foundation and Iowa Legal Aid. The Parties' foregoing choices of *cy pres* recipient is subject to the Court's approval.

12.  **Attorney's Fees and Costs.** CCS agrees to pay Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of a "successful action" under 15 U.S.C. § 1692k. As such, CCS agrees Plaintiff's Counsel shall be entitled to receive $16,000.00, which covers all fees and all expenses arising out of the Lawsuit. The award of fees, costs, and expenses to Plaintiff's

Counsel shall be in addition and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members. Upon payment of $16,000.00 to Plaintiff's Counsel, CCS shall have no further obligation with respect to Plaintiff's Counsels' fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Settlement Class Member.

13.  Settlement Class Members shall have seventy-five (75) days from entry of the Preliminary Approval Order exclude themselves from, or object to, the Settlement.

14.  **Opting-Out.** Any Settlement Class Member may seek to be excluded from the Settlement Class by opting out within the time period set by this Court. A request for exclusion must be in writing and include the name of the case. The request must also include the name, address, phone number and signature of the person(s) or entity seeking exclusion. The request must be mailed to Class Counsel at the address provided in the Class Notice and the envelope must be postmarked no later than such date set by the Court for opting-out. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member the Settlement, if approved. Class Counsel shall forward copies of all requests for exclusion to Counsel for Defendants no later than seven days after the deadline for Class Members to submit such requests. Any Settlement Class member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement.

15.  **Objecting to the Settlement.** Any Settlement Class member may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on the Settlement Administrator within the time period set by the Court. All objections must be in

131349980v1 0976425
131349980v1 0976425
131349980v1 0976425

writing and personally signed by the Settlement Class Member and include: (1) the objector's name, address, and telephone number; (2) the name and number of the case; and (3) the factual basis and legal grounds for the objection to the Settlement. The written objection must indicate whether the Settlement Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the last day of the exclusion/objection deadline set by the Court and shall include the full caption and case number of each previous class action case in which that lawyer(s) has represented an objector.

16.     **Payment of Settlement Funds.** No later than 14 days after the Court enters an order granting preliminary approval to the Settlement, CCS shall distribute all monies set forth in Paragraphs 11(a), (b) and (c) and Paragraph 12 to the Settlement Administrator, and within three (3) days after the Effective Date the Settlement Administrator shall disburse monies in accordance with this Agreement.

17.     **Release.** Upon the Effective Date, the Parties grant the following releases:

(a)     Plaintiff, Rosemary Guzman, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit (in their capacities as such), and any person claiming through her (collectively "Releasors"), releases and discharges CCS, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns of CCS) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time through the Effective Date. Plaintiff specifically and expressly releases Mediacom for liability and damages related to any claims based upon acts, errors or omissions by CCS as of the Effective Date. Other than releasing claims against Mediacom for

the acts, errors or omissions of CCS, Plaintiff specifically and expressly does not release any other claims or defenses she could raise against Mediacom.

(b)     Each member of the Settlement Class who does not of the Class releases and discharges the Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violations of the FDCPA or any other state, federal, or local law, statute, regulation or common law that were alleged or could have been alleged by the class that arise out of the factual allegations asserted in the Complaint.

(c)     IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Settlement Class Member may have with respect to the underlying debts CCS was attempting to collect, including, but not limited to, whether any debt is in fact owed or the crediting of payments on any debt.

(d)     CCS does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for payment of their alleged debts. The underlying debts CCS sought to collect are not affected by this Agreement. This Agreement does not prevent CCS from continuing to attempt to collect any debts allegedly owed by Settlement Class Members.

18.     The releases set forth herein are conditioned upon the Court's approval of the Agreement and CCS meeting its obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other Lawsuit, or in any manner whatsoever.

19.     **Notice Costs and Related Matters.** CCS will pay all costs of providing notice to the Settlement Class and settlement administration, as described above in ¶11(c).

131349980v1 0976425
131349980v1 0976425
131349980v1 0976425

20. **Notice.** No later than seven (7) calendar days after entry of the Preliminary Approval Order, CCS shall provide both Plaintiff's Counsel and the Settlement Administrator with a spreadsheet containing the names and last known mailing addresses of the Settlement Class Members, according to CCS's business records. No later than thirty (30) days after entry of the Preliminary Approval Order, the Settlement Administrator shall cause actual notice in the form of Exhibit 1 to be sent to Settlement Class Members using CCS's foregoing spreadsheet. The notice shall contain the statement in Spanish that a copy of this Settlement Agreement translated into Spanish can be accessed at a website dedicated for that purpose. This designated website will be a stand-alone website or one affiliated with the Settlement Administrator. This website will not be linked to the website of Plaintiff's Counsel.

The Settlement Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Settlement Administrator shall cause to be forwarded any such returned notice to the address provided within four (4) days of receipt. The Settlement Administrator or Plaintiff's Counsel may, but are not required to, skip trace any notices returned as undeliverable in an effort to obtain valid mailing addresses. The Settlement Administrator shall retain any documents generated in connection with the settlement for one year from the void date and may destroy the documents after that date.

21. CCS shall provide notice of this proposed class settlement to the appropriate state and federal authorities, and file proof of same with the Court, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").

131349980v1 0976425
131349980v1 0976425
131349980v1 0976425

22.      **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for the Preliminary Approval Order, attached as Exhibit 2, which:

(a)      Preliminarily approves this Agreement;

(b)      Certifies the Settlement Class defined in ¶ 8 for settlement purposes;

(c)      Appoints EDELMAN, COMBS, LATTURNER & GOODWIN LLC as Class Counsel;

(d)      Appoints Plaintiff, Rosemary Guzman, as representative of the Settlement Class;

(e)      Sets dates for Settlement Class members to opt-out or to object;

(f)      Schedules a hearing for final approval of this Agreement;

(g)      Approves Exhibit 1 hereto as notice to the Settlement Class, to be directed to the last known address of Settlement Class Members as shown in CCS's business records;

(h)      Finds that mailing of the Settlement Class notice and the other measures specified in ¶20 are the only notice required to the Settlement Class and that such notice satisfies the requirements of due process, the Federal Rules of Civil Procedure including Rule 23, the United States Constitution, and any other applicable laws.

23.      The Parties agree to request the form of notice attached hereto as Exhibit 1 and propose the form of preliminary approval order attached hereto as Exhibit 2. The fact that the Court may require non-substantive changes in the proposed class notice or preliminary approval order does not invalidate this Agreement.

24.      **Final approval**. At the conclusion of, or as soon as practicable after, the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least

ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff and Plaintiff's Counsel shall, on consent of CCS and its counsel, request that the Court enter a Final Order:

(a)     approving the terms of this Agreement as fair, reasonable, and adequate;

(b)     providing for the implementation of its terms and provisions;

(c)     certifying the Settlement Class for settlement purposes;

(d) finding that the notice given to the Settlement Class satisfies the requirements of due process, the Federal Rules of Civil Procedure including Rule 23, the United States Constitution, and any other applicable laws;

(e)     dismissing the claims of Plaintiff and the Settlement Class alleged in the Complaint with prejudice and further costs except as provided herein;

(g)     directing Defendant's Counsel, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the latest Void Date, to file a notice apprising the Court that the terms of Agreement have been complied with and providing an accounting of how the Class Recovery was distributed.

25.     The Parties agree to request the form of final order attached hereto as <u>Exhibit 3</u>. Any non-substantive changes in the final order do not invalidate this Agreement.

26.     **Release of Attorneys' Lien**. In consideration of this Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in ¶ 17(a) above, of and from

any and all claims for attorneys' fees or costs, by lien or otherwise, other than the amount of Plaintiff's Counsels' fees and costs to be determined and distributed pursuant to ¶ 12.

27.    **Miscellaneous Provisions**.  The Parties and their attorneys agree to fully cooperate with one another in seeking approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and settlement provided for herein prior to the fairness hearing.

28.    The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.

29.    This Agreement may be executed in multiple counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

30.    Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

31.    This Agreement shall be governed by and interpreted in accordance with the laws of the State of Illinois.

32.    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective counsel of record, have so agreed.

**Defendant:**
CREDIT CONTROL SERVICES, INC..

By:

Its:

Dated: ~~April~~ 20, 2016
        May

**Plaintiff:**
ROSEMARY GUZMAN

Dated: April 30, 2016

**Attorney for Defendant:**
HINSHAW & CULBERTSON LLP

David M. Schultz
Jason Santos
222 North LaSalle St.
Suite 300
Chicago, IL 60601
Telephone: (312) 704-3000
Facsimile: (312) 704-3001
E-Mail: dschultz@hinshawlaw.com
E-Mail: jsantos@hinshawlaw.com
Dated: ~~April~~ 29 2016
        May

**Attorneys for Plaintiff:**
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene,
20 South Clark Street,
Suite 1500
Chicago, Illinois 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
E-Mail: info@edcombs.com
E-Mail: fgreene@edcombs.com
Dated: April 30, 2016

131349980v1 0976425
131349980v1 0976425

131349980v1 0976425

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSEMARY GUZMAN, on behalf of plaintiff and a class, | ) ) ) | NOTICE OF CLASS SETTLEMENT |
| Plaintiff, | ) ) | Case No. 1:15-cv-05756 |
| v. | ) ) | |
| CREDIT CONTROL SERVICES, INC., d/b/a CREDIT COLLECTION SERVICES, | ) ) ) | |
| Defendant. | ) ) | |

**If you received a collection letter from Credit Control Services, Inc.,
you may benefit from this class action settlement.**

*A Federal court authorized this notice – This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.
THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU**.

*Para ver este anuncio en espanol favor de accesar este sitio:*

**YOUR LEGAL RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT.
PLEASE READ THIS NOTICE CAREFULLY. IT EXPLAINS THE LAWSUIT, THE SETTLEMENT,
AND YOUR LEGAL RIGHTS.**

| | |
|---|---|
| DO NOTHING BUT STAY IN THE SETTLEMENT CLASS AND RECEIVE A CHECK FOR $80.00 | By doing nothing, you will receive a check for $80. Defendant Credit Control Services, Inc. has also agreed to cease all credit reporting with respect to any accounts you may have with Mediacom. You do give up your claims against Defendant Credit Control Services, Inc. related to the claims asserted in this lawsuit. |
| EXCLUDE YOURSELF BY _____, 2016 | You will receive no benefits, but you will retain your legal claims against Defendant Credit Control Services, Inc. |
| OBJECT BY _____, 2016 | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| 1. Why did I get this notice? | |

For more information, call 312-739-4200

You are receiving this notice because you were identified as a person with an Illinois or Iowa address who was sent a collection letter by Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services, Inc. ("CCS").

## 2. What is this lawsuit about?

In this lawsuit, Plaintiff, Rosemary Guzman, alleged that CCS violated a federal law known as the Fair Debt Collection Practices Act ("FDCPA") by sending a collection letter to Plaintiff in an attempt to collect an alleged debt to Mediacom. The letter stated that CCS would begin reporting an alleged debt to the credit reporting agencies if the alleged debt was not paid by a date certain. CCS had already begun reporting the alleged debt to the credit reporting agencies at the time the letter was sent and Plaintiff's complaint alleges that CCS's statement violated §§ 1692e, (2)(A), e(5), e(10), and 1692f of the FDCPA.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Plaintiff Rosemary Guzman), sue on behalf of a group (or a "Class") of people who have similar claims regarding the same collection letter used by CSS in an attempt to collect a debt.

## 4. Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the Parties reached a settlement agreement as to the claims of Plaintiff and the Class.

## 5. How do I know if I am a part of the settlement?

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> (a) all individuals with Illinois or Iowa addresses, (b) to whom CCS sent a letter in the form represented by Exhibit A to the Complaint (c) on a date when CCS had already reported the debt that is the subject of the letter to one or more credit reporting agencies, (d) which letter was sent on or after June 29, 2014 and on or before July 19, 2015.

CCS estimates that, based on its electronic records, there are approximately 350 people in the Class. According to CCS's records, you are a Class member.

YOUR BENEFITS UNDER THE SETTLEMENT

## 6. What can I get from the settlement?

You can receive a check from $80 from the settlement. CCS has also agreed to stop reporting any account you have with Mediacom. Class-Settlement.com is the company that will be administering the settlement and it will be sending you an $80 check, assuming the Court approves the settlement. Each of the 350 Class members will receive an $80 check, for a total recovery for the Class of $28,000. No Class member is eligible to receive more than one check for their share of the Class Recovery.

You will receive these benefits approximately 36 days after the Court enters an order granting final preliminary approval to the Settlement when CCS shall distribute all monies.

**8. I want to be a part of the settlement. What do I do?**

You do not need to do anything. Assuming the court approves the settlement, you will receive a check in the mail.

**9. What am I giving up if I remain in the Settlement Class?**

By staying in the Class, all of the Court's orders will apply to you, and you give CCS a "release." A release means you cannot bring a lawsuit or be part of any other lawsuit against CCS relating to the collection letter at issue in this lawsuit.

**10. How much will the Class Representative receive?**

The Plaintiff, Rosemary Guzman, will receive a payment of $1,000.00 for her individual statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B), which also takes into account her services to the Settlement Class. This payment is subject to the Court's approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the settlement, but you want to keep your legal claims against CCS, then you must take steps to exclude yourself from this settlement.

**11. How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from the Class in the case, Guzman v. Credit Control Services, Inc., Case No. 15 CV 05756. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked no later than _____, 2016, to:

Class-Settlement.com
20 Max Avenue
Hicksville, NY 11801

3

**12. If I exclude myself, do I still receive benefits from this settlement?**

No, you will not receive anything resulting from the settlement, but you will have the right to sue CCS relating to the claims raised in this lawsuit, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the lawsuit as you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in this case?**

The Court has named the law firms of EDELMAN, COMBS, LATTURNER & GOODWIN LLC. You will not be charged for these lawyers; however, they will receive a payment from CCS in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, she or he must file an appearance by _____, 2016.

**14. How will the lawyers be paid?**

CCS has agreed to pay Plaintiff's reasonable attorney's fees, costs, and expenses in the amount of $16,000.00. This payment of attorney's fees and costs, which is subject to Court approval, will be paid by CCS and will not be taken out of, or in any way reduce, the Class Recovery.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

**15. Is this a fair settlement?**

Class Counsel believes this settlement is fair. The claims asserted on behalf of the Class against CCS are under the FDCPA, which provide for both individual and class action lawsuits. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

In this case, the Class recovery of $28,000.00 allows each of the 350 Class members to receive a check for $80. CCS also has agreed to permanently cease all credit reporting with respect to accounts Class members may have with Mediacom. Class Counsel believes this is a fair settlement of the claims raised in the Lawsuit.

4

**16. What is the Defendant's view of this settlement?**

CCS denies that its collection letter violates the FDCPA. CCS desires to settle the claims of the Class to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to its collection letter that is the subject of this lawsuit.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

**17. How do I tell the Court that I do not like the Settlement?**

If you are a Class member, you can object to the Settlement. In order to object to the Settlement, you must send a written objection (such as a letter or legal brief) stating that you object and the reasons why you think the Court should not approve the Settlement. Your objection must be personally signed by you and include: (1) your name, address, telephone number, (2) the name and number of the case: Guzman v. Credit Control Services, Inc., Case No. 15-cv-05756; (3) the factual basis and legal grounds for your objection to the Settlement; Your written objection must indicate whether your lawyer(s) intend to appear at the Fairness Hearing. If you have a lawyer, your lawyer who intends to appear at the Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than _____, 2016 and must include the full caption and case number of each previous class action case in which that counsel has represented an objector. You must mail your objection so that it is postmarked no later than _____, 2016 to:

Clerk of the Court
United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

You must also send a copy of your objection to:

Class-Settlement.com
20 Max Avenue
Hicksville, NY 11801

### THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

**18. Where and when is the fairness hearing?**

The Court will hold a fairness hearing on _____, 2016 at _____ _.m. in the courtroom of the Honorable Virginia M. Kendall, United States District Judge, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn St., Chicago, Illinois 60604, Courtroom 2319. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE NOT REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

| 19. Where can I get additional information? |
| --- |

To obtain additional information, you may call the Class Administrator at 1-8**-****, or contact Class Counsel. You can contact Francis R. Greene either in writing or by telephone at the addresses and telephone number below:

Francis R. Greene (31155)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
Facsimile: (312) 419-0379
E-Mail: info@edcombs.com
E-Mail: fgreene@edcombs.com

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, ASSET, OR DEFENDANT'S COUNSEL**

**THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.**

EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROSEMARY GUZMAN, on behalf of plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:15-cv-05756 |
| v. | ) ) | Honorable Virginia M. Kendall |
| CREDIT CONTROL SERVICES, INC., d/b/a CREDIT COLLECTION SERVICES, | ) ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendant. | ) ) | |

## PRELIMINARY APPROVAL ORDER

The Court, having considered the Plaintiff's motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement (the "Agreement") between Plaintiff, Rosemary Guzman ("Plaintiff"), individually, and as representative of the class of persons defined below (the "Settlement Class"), and Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services ("Defendant" or "CCS").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

A.   The Settlement Class is so numerous that joinder of all members is impracticable;

B.   There are questions of law and fact common to the proposed Settlement Class.

C.   The individual claims of Plaintiff are typical of the claims of the Settlement Class;

D.   Plaintiff is an appropriate and adequate representative for the Settlement Class;

E.   The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

F.   A class action is superior to other methods for fairly and efficiently settling this controversy;

G.   With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P.

23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, EDELMAN, COMBS, LATTURNER & GOODWIN LLC, has, and will to, fairly and adequately represent the interests of the Settlement Class;

H.     With respect to the proposed Agreement, after consideration of the Agreement attached as ***Exhibit A*** to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I.     and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1.     Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

(a)     defines the "Settlement Class" as:

all individuals with Illinois or Iowa addresses, (b) to whom CCS sent a letter in the form represented by Exhibit A to the Complaint (c) on a date when CCS had already reported the debt that is the subject of the letter to one or more credit reporting agencies, (d) which letter was sent on or after June 29, 2014 and on or before July 19, 2015.

(b)     Defines the "Class Claims" as: those claims arising from a collection letter sent by CCS to collect an alleged debt to Mediacom. The letter represented that CCS would begin reporting an alleged debt to the credit reporting agencies if the alleged debt was not paid by a date certain. CCS had already begun reporting the alleged debt to the credit reporting agencies at the time the letter was sent and Plaintiff claims CCS violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f.

    (c)       appoints Plaintiff as the Class Representative;

    (d)       appoints EDELMAN, COMBS, LATTURNER & GOODWIN, LLC as Class Counsel; and

    (e)       appoints Class-Settlement.com as the Settlement Administrator to administer the Settlement.

2.       The Court approves the Parties' proposed Class Notice and directs that it be mailed to the last known address of each member of the Settlement Class (collectively, the "Settlement Class Members") as shown in CCS, Inc.'s business records. The Class Notice shall be mailed to Settlement Class Members on or before **_____, 2016**. The Class Notice shall be mailed by any form of U.S. Mail providing forwarding addresses.

3.       The Court finds that mailing of the Class Notice, and the Parties' notice plan, is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4.       Settlement Class Members shall have until **_____, 2016**, to exclude themselves from, or object to, the Settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on the Settlement Administrator by that date.

5.       Settlement Class Members who wish to object to the Settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, and serve copies of the objection on the Settlement Administrator. All objections must be in writing and personally signed by the Settlement Class Member and include: (1) his or her name, address, telephone number; (2) the name and number of the case: (3) and the factual basis and legal grounds for your objection to the Settlement. Written objections must indicate whether the objector's lawyer(s) intend to appear at the Fairness Hearing. If the objector has a lawyer, the

lawyer who intends to appear at the Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than _____, 2016 and must include the full caption and case number of each previous class action case in which that counsel has represented an objector.

6.      If not already filed, CCS shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

7.      A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on _____, 2016, at _____ __.m.

                    **IT IS SO ORDERED:**


                    _____
                    HONORABLE VIRGINIA M. KENDALL
                    Judge, United States District Court

                    Dated:

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROSEMARY GUZMAN, on behalf of plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:15-cv-05756 |
| v. | ) ) | Honorable Virginia M. Kendall |
| CREDIT CONTROL SERVICES, INC., d/b/a CREDIT COLLECTION SERVICES, | ) ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendant. | ) | |

## FINAL APPROVAL ORDER

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Rosemary Guzman ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services, Inc. ("CCS"), the Court orders and finds as follows:

1.     This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and CCS.

2.     The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All individuals with Illinois or Iowa addresses, to whom CCS sent a letter in the form represented by Exhibit A to the Complaint on a date when CCS had already reported the debt that is the subject of the letter to one or more credit reporting agencies, which letter was sent on or after June 29, 2014 and on or before July 19, 2015.

(a)     Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and included whether or not CCS violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f by sending the letter at issue; (C) Plaintiff's claim is typical of the Settlement Class Members' claims; (D)

Plaintiff is an appropriate and adequate representative for the Class and her attorney, EDELMAN, COMBS, LATTURNER & GOODWIN LLC are adequate Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class.

3.      The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately ___ Settlement Class members by Class-Settlement.com, the third-party settlement administrator ("Settlement Administrator"). A total of ___ envelopes were returned by the United States Postal Service, ___ of which were returned with forwarding addresses and re-mailed. ___ Settlement Class members requested exclusion, and ___ objections were filed or received. A total of ___ Settlement Class members timely returned the proof of claim form and are entitled to a share of the monetary benefits of the Settlement.

4.      On _____, 2016, the Court held a fairness hearing to which Settlement Class Members, including any with objections, were invited. Excluded from the Settlement Class are those persons identified in Exhibit A attached hereto who timely and validly requested exclusion.

5.      The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

6.      The Court finds that the settlement is fair, reasonable, and adequate, and was made in good faith, and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by CCS.

7.      The award of $1,000 to Plaintiff is approved as fair and reasonable.

8.      The award of $16,000 to Class Counsel for attorney's fees and costs is fair and reasonable.

9.      The Parties grant the following releases:

(a)     Plaintiff, Rosemary Guzman, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges CCS, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns of CCS) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time through the Effective Date.

(b)     Each member of the Settlement Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to CCS's collection letters in the form attached as *Exhibit A* to Plaintiff's Complaint in the Lawsuit [Doc. 1].

(c)     IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Settlement Class Member may have with respect to the underlying debts CCS was attempting to collect, including, but not limited to, (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

(d)     CCS does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for payment of their alleged debts. The underlying debts CCS sought to collect are not affected by this Agreement. This Agreement does not prevent CCS from continuing to attempt to collect any debts allegedly owed by Settlement Class Members.

10.     Defendant's Counsel, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the latest Void Date, shall file a notice apprising the Court that the terms of Agreement have been complied with and providing an accounting of how the Class Recovery was distributed.

11.     The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

12.     The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

3

13.     The Parties are hereby ordered to comply with the terms of the Agreement and this

Order.

**IT IS SO ORDERED:**

_____

HONORABLE VIRGINIA M. KENDALL
Judge, United States District Court

Dated: